NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANFORD WEISS, on behalf of himself, and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>KENNETH L. McELWEE, ESQ., MACRICH ASSOCIATES, LLC., and JOHN DOES 1-25,<br>Defendants. | Civil Action No. 14-1858 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendants Kenneth L. McElwee, Esq. and Macrich Associates, LLC. ("Defendants")' motion to dismiss Plaintiff Sanford Weiss ("Plaintiff")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [CM/ECF No. 17.] The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion to dismiss is denied.

**I.  BACKGROUND**

Defendant McElwee is an attorney licensed in the state of New Jersey. (Compl. ¶7.) Defendant Macrich Associates ("Macrich") is a domestic limited liability company with its principal place of business located in Mendham, NJ. (*Id.* ¶10.) According to Plaintiff's Complaint, Macrich "assumed, assigned or purchased" a debt owed to the City of Hoboken involving property located in that city. (*Id.* ¶¶22, 27.) On October 23, 2013, Defendants mistakenly sent Plaintiff a one page letter to collect that debt. (*Id.* ¶37.) This letter was written on McElwee's law firm

letterhead on behalf of Macrich. (Docket #1-1: 15, Exhibit A.) The collection letter also contained a Summons and Complaint for a foreclosure action. (Docket #1-1: 16-27, Exhibit A.) Defendants alleged that Plaintiff's debt consisted of unpaid taxes and sewer charges. (Docket #1-1: 20, Exhibit A.)

Though the letter was addressed to Sanford Weiss, Plaintiff never owned, possessed, or resided in the property associated with the debt owed to the City of Hoboken. (Compl. ¶¶31-36.) Instead, the debt was owed by a different Sanford Weiss. (*Id.* ¶¶22-24.) According to Plaintiff, Defendants "harassed, oppressed or abused" him with the October 23, 2013 letter. (*Id.* ¶50.) As a result, Plaintiff "experienced nervousness, stress, anxiety and further mental anguish[.]" (*Id.* ¶51.)

Consequently, Plaintiff asserts three claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"). Count One claims that Defendants misrepresented the legal status of a debt, threatened to take action that they could not legally take, used false representation or deceptive means, and failed to disclose in the initial written communication that they were attempting to collect a debt in violation of §§1692(e)(2)(A), 1692(e)(5), 1692(e)(10), 1692(e)(11) of the Act. (*Id.* ¶¶55-63.) Count Two claims that Defendants failed to give Plaintiff the 30-day notice within 5 days of their initial communication, as required by §1692(g)(a), and send the consumer the required written notice, in violation of that section of the Act. (*Id.* ¶¶64-66.) Finally, Count Three alleges that Defendants used unfair and unconscionable means to collect a debt in violation of §1692(f). (*Id.* ¶¶67-70.)

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 11, 2014. (Docket #17.) Plaintiff opposed the motion on January 6, 2012. (Docket #22.) This Court has original jurisdiction over this matter because the Complaint alleges a violation of a federal Act. 28 U.S.C. §1331.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twomblv.* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir. 1994).

## III. DISCUSSION

Defendants argue that the FDCPA is inapplicable to Defendants' activities as a matter of law because: (1) "unpaid property taxes do not constitute a debt" under the Act; (2) Defendants "never threatened Plaintiff in anyway whatsoever[;]" and, (3) Plaintiff's allegation of pain and

suffering is "frivolous on its face[.]" (Def. Br. 3, 5, 7.) Based on the reasons that follow, this Court disagrees.

Defendants' first argument is unpersuasive because it fails to address the debt for unpaid municipal sewer charges. The FDCPA defines "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. §1692(a)(5). The Third Circuit has interpreted this definition to include utility bills, such as municipal sewer charges. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 401 (3d Cir. 2000); *Piper v. Portnoff Assocs. Ltd.*, 396 F.3d 227, 232-33 (3d Cir. 2005). Defendants' Foreclosure Complaint, which Plaintiff attached to and referenced in his Complaint, states that the debt in question included unpaid municipal sewer charges. (Docket #1-1: 20, Exhibit A.) ("There is now due on said tax sale certificate . . . the sum of $41,994.56 which was the original amount due for unpaid taxes, sewer service charges and costs[.]"). As such, Plaintiff has stated a facially plausible claim pursuant to §1692(a)(5) of the FDCPA.

Defendants' second and third arguments are unpersuasive because they do not set forth reasons for dismissal that are rooted in Federal Rule of Civil Procedure 12(b)(6) or the relevant case law. Defendants contend that they "engaged in no actionable conduct under the [FDCPA]" because their "activities involve nothing more than filing and serving a tax sale foreclosure complaint." (Def. Br. 6.) Defendants, however, do not challenge the sufficiency of Plaintiff's pleadings. In fact, Defendants fail to address the conduct that Plaintiff alleges violated the FDCPA,

even though Plaintiff's Complaint detailed those facts.[1] Similarly, Defendants argue that Plaintiff's claim of pain and suffering is "patently absurd[.]" Yet, they do not argue that the allegation fails to meet the pleading standards of Rule 8 or the holdings in *Twombly* and *Iqbal*.

Although Defendants ultimately might succeed in advancing the foregoing arguments, the standard on a motion to dismiss is not whether Plaintiff's claim(s) will ultimately succeed or even the probability of their success; rather, in order to state a claim for purposes of Rule 12(b)(6), Plaintiff must simply allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of such claim(s). *Twombly,* 550 U.S. at 556. Defendants do not claim that Plaintiff has failed to meet this pleading standard or that they have failed to receive adequate notice of the nature of the claims being asserted against them; rather, Defendants urge the Court to test the actual merits of Plaintiff's FDCPA claims at this time. This is inappropriate on a Rule 12(b)(6) motion, particularly before the parties have had the benefit of discovery. *See generally Iqbal,* 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Twombly,* 550 U.S. at 570).

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt." *Pollice,* 225 F.3d at 400 (citing 15 U.S.C. §§ 1692e-f). As mentioned above, Plaintiff's Complaint details the conduct that allegedly violated the FDCPA.

---

[1] *See, e.g.* Compl. ¶¶44-47, 49 ("The October 23, 2013 letter fails to contain the required written notice pursuant to 15 U.S.C. §1692g(a). The [letter] falsely represents the '...legal status...' of the debt pursuant to [§1692e(2)(A)]. The [letter] threatens to take action that cannot legally be taken pursuant to [§1692e(5)]. The [letter] uses false representations and deceptive means to collect a debt pursuant to [§1692e(10)] . . . The [letter] uses unfair or unconscionable means to collect or attempt to collect the debt pursuant to [§1692f]."); *Id* at. ¶¶60-61 ("The [letter] stated that Plaintiff was a Defendant in a 'foreclosure action' entitled 'Re: Macrich Associates, LLC v. Sanford Weiss, et al.; Docket No. F-023431-13' when, in fact, Plaintiff was wrongly, improperly sued by McELWEE/MACRICH."); *Id* at. ¶¶65-66 ("Section 1692g(a) [of the Act] requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer[.] . . . The [letter] fails to provide the proper [§1692g(a)] notice.").

Namely, the Complaint alleges that Defendants: used false, deceptive, or misleading representations to collect the debt, threated to take action that they could not legally take, failed to provide the required disclosures and proper written notices in the initial collection letter within five days of the initial communication, and used unfair or unconscionable means to attempt to collect the debt. (Compl. ¶53.) The Complaint also alleges that Plaintiff is a consumer and that Defendants are debt collectors pursuant to the Act. It also asserts facts regarding the nature of the debt and the nature of the communications between Defendants and Plaintiffs. As such, this Court concludes that Plaintiff has stated three facially plausible FDCPA claims against Defendants. Because Defendants fails to set forth arguments that warrant dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), Defendants' motion is denied.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **DENIED**. An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: January 22, 2015