**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANFORD WEISS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH L. McELWEE, ESQ., et al.,<br><br>Defendants. | Civil Action No.: 14-1858 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of cross-motions for summary judgment filed by Plaintiff Sanford Weiss ("Plaintiff") and Defendants Kenneth L. McElwee, Esq. and Macrich Associates, LLC (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 32, 33.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendants' motion for summary judgment in part.

## BACKGROUND[1]

Macrich Associates, LLC ("Macrich") is in the business of purchasing New Jersey tax

---

[1] These background facts are taken from the parties' statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 32-8, Plaintiff's Rule 56.1 Statement of Facts ("Pl. SMF"); ECF No. 33-2, Defendants' Rule 56.1 Statement of Facts ("Def. SMF"); ECF No. 38-1, Defendants' Responses to Plaintiff's Statement of Material Facts ("Def. Opp. SMF"); ECF No. 40, Plaintiff's Counter Statement of Facts ("Pl. Opp. SMF"). The Court will "disregard all factual and legal arguments, opinions and any other portions of the 56.1 Statement which extend beyond statements of facts." *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 27820, at *10 (D.N.J. Nov. 10, 2005); *see also* L. Civ. R. 56.1 ("Each statement of material facts . . . shall not contain legal argument or conclusions of law.").

sale certificates. (Def. SMF ¶ 1.) Defendants allege that Kenneth McElwee, Esq. ("McElwee") is the sole manager and employee of Macrich, and that he purchases tax sale certificates on behalf of Macrich. (*Id.* ¶ 2.)

At issue in this case are tax liens associated with a storage unit in a condominium complex located at 919 Park Avenue, Hoboken, New Jersey, known on the tax map of the Hoboken City tax assessor as block 184, lost 12 COO1B (the "Tax Liens"). (Def. SMF ¶¶ 6, 7; Pl. Opp. SMF ¶¶ 6, 7.) On behalf of Marcrich, McElwee commenced a tax sale foreclosure proceeding with respect to the Tax Liens in the Superior Court of New Jersey, Chancery Division, Hudson County, captioned *Macrich Associates, LLC v. Sanford Weiss, et als.*, Docket No. F-023431-13 on July 3, 2013. (Def. SMF ¶ 19; Pl. Opp. SMF ¶ 19.) Plaintiff claims that he is the wrong "Sanford Weiss" and that Defendants filed the tax sale foreclosure complaint against him in error. (Def. SMF ¶ 25; Pl. Opp. SMF ¶ 25.)

On November 13, 2013, attorney Laura S. Mann, Esq. ("Mann") began representing Plaintiff in the tax sale foreclosure proceeding. (Def. SMF ¶ 36; Pl. Opp. SMF ¶ 36.) Defendants allege that Mann threatened to take certain legal action against McElwee if McElwee did not dismiss Plaintiff from the tax sale foreclosure proceeding, and that Mann promised to not take such action if Plaintiff was dismissed. (Def. SMF ¶¶ 37-55.) In particular, Defendants contend that Plaintiff made a promise not to file an action under the Fair Debt Collection Practices Act ("FDCPA") if Defendants dismissed him from the underlying tax sale foreclosure proceeding, that Defendants relied on this promise, and that Plaintiff nevertheless breached this agreement. (*See id.*) Plaintiff denies these allegations. (Pl. Opp. SMF ¶¶ 37-55.)

Plaintiff commenced this action on March 24, 2014 with the filing of a proposed class
2

action Complaint alleging violations of the FDCPA. (ECF No. 1 ("Compl.").) Specifically, the Complaint alleges that by naming the allegedly wrong "Sanford Weiss" in the tax sale foreclosure proceeding, Defendants violated Section 1692e(2)(A), which makes it a violation for a debt collector to falsely represent the "legal status" of a debt; Section 1692e(5), which makes it a violation for a debt collector to threaten "to take any action that cannot legally be taken"; Section 1692e(10), which prohibits the use of any false or deceptive means to collect, or attempt to collect, a debt; Section 1692e(11), which prohibits a debt collector from failing to disclose in the initial written communication that the debt collector is attempting to collect a debt and in subsequent communications that the communication is from a debt collector; Section 1692f, which makes it a violation to use unfair or unconscionable means to collect or attempt to collect any debt; and, Section 1692g, which requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing

> (1) the amount of the debt;
> (2) the name of the creditor to who the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector,
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See id.* Defendants filed an Answer on May 28, 2014. (ECF No. 8.) Thereafter, Defendants

3

moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(b) (ECF No. 17), which was denied by this Court on January 23, 2015. (ECF Nos. 26, 27.)

On November 6, 2015, Plaintiff filed a motion for summary judgment. (ECF No. 32; *see* ECF No. 32-6 ("Pl. Mov. Br.").) Defendants cross-moved on November 11, 2015. (ECF No. 33; ECF No. 33-1 ("Def. Mov. Br.").) On November 22, 2015, Defendants filed a brief in opposition to Plaintiff's motion (ECF No. 38 ("Def. Opp. Br.")), and on November 23, 2015, Plaintiff filed a brief in opposition to Defendant's motion (ECF No. 39 ("Pl. Opp. Br.")).[2] The motions are now ripe for adjudication.

## LEGAL STANDARDS

### A. Motion for Summary Judgment

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.

---

[2] On November 30, 2015, Defendants filed a reply brief in further support of their cross-motion for summary judgment without first seeking leave of the Court. (ECF No. 42.) Under Local Civil Rule 7.1(h), "[n]o reply brief in support of the cross-motion shall be served and filed without leave of the assigned district or magistrate judge." L.Civ.R. 7.1(h). Accordingly, the Court will disregard Defendants' reply brief.

1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### B. Fair Debt Collection Practices Act

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). Furthermore, "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

5

collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted).

## ANALYSIS

In support of his motion for summary judgment, Plaintiff argues that Defendants were attempting to collect a "debt" within the meaning of the FDCPA. (Pl. Mov. Br. at 4-6.) Next, Plaintiff summarily contends that he is entitled to summary judgment on his various FDCPA claims because the alleged conduct of Defendants constitute a violation of those provisions. (*Id.* at 6-8.) Finally, Plaintiff requests that the determination of damages be reserved for a trial by jury. (*Id.* at 8.)

Defendants move for summary judgment on multiple grounds. First, they argue that the tax sale foreclosure proceeding at issue did not seek to collect a "consumer debt" within the meaning of the FDCPA, such that the activities are therefore not governed by the FDCPA. (Def. Mov. Br. at 6-18.) Second, Defendants contend that there is no evidence in the record by which a reasonable juror could conclude that Defendants are "debt collectors" within the meaning of the FDCPA. (*Id.* at 18-19.) Third, Defendants claim that even if their actions fell within the scope of the FDCPA, the "bona fide error" defense would apply. (*Id.* at 19-25.) Fourth, Defendants assert that the Plaintiff's FDCPA action is barred under the doctrines of promissory and equitable estoppel. (*Id.* at 25-30.) Finally, Defendants argue that because Plaintiff filed this action in bad faith and for the purposes of harassment, Defendants should be granted an award of their reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). (*Id.* at 30-39.)

### A. Defendants Are Entitled To Summary Judgment With Respect to Dismissal of Plaintiff's Complaint Because Plaintiff Has Failed To Establish That Defendants Were Attempting To Collect A "Debt" Within The Meaning Of The FDCPA.

The Court grants Defendants' motion for summary judgment on the FDCPA claims because Plaintiff cannot show that the tax sale foreclosure proceeding involved a "debt" within the meaning of the FDCPA. Although the complaint filed in the tax sale foreclosure proceeding makes reference to "sewer service charges and costs," this is not enough by itself to bring the matter within the purview of the FDCPA.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In other words, "a 'debt' is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 401 (3d Cir. 2000).

In the Third Circuit, a per capita tax obligation is not a "debt" for purposes of the FDCPA. *Staub v. Harris*, 626 F.2d 275, 276-79 (3d Cir. 1980). "[A]t a minimum, the [FDCPA] contemplates that the debt has arisen as a result of the rendition of a service . . . or other item of value. The relationship between taxpayer and taxing authority does not encompass the type of pro tanto exchange which the statutory definition [of 'debt'] envisages." *Id.* at 278.

However, sewer charges are distinguishable from property taxes, if they arise from a consensual consumer transaction. In *Pollice*, the Third Circuit analyzed claims under the FDCPA arising from obligations owed by homeowners in Pittsburgh, Pennsylvania. 225 F.3d at

7

400-03. The Third Circuit reaffirmed its holding that property taxes are not "debt," *id.* at 401-402, but concluded that the homeowners' water and sewer obligations met the definition of "debt" because the obligation to pay money to the government entity arose out of a "consensual consumer transaction[]"—*i.e.*, specifically "requesting water and sewer service[.]" *Id.* at 400, 401. This conclusion was reiterated more recently in *Piper*, when the Third Circuit held—also in the context of homeowners in Pennsylvania—that "whenever a homeowner voluntarily elects to avail himself of municipal water/sewer services, in whatever manner, and thereby incurs an obligation to pay for such services, there is the kind of *pro tanto* exchange contemplated by the FDCPA." *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 233 n.8 (3d Cir. 2005) (citing *Pollice*, 225 F.3d at 401).

Thus, although there is no holding directly on point, Third Circuit precedent suggests that an obligation to pay for sewer services qualifies as "debt" only if it arises as a result of a consensual consumer transaction in which a homeowner voluntarily elects or requests to receive the services. *See Piper*, 396 F.3d at 233. In other words, if the amount of the obligation imposed for sewer services is mandatory, then it does not qualify as a "debt." *See Pollice*, 225 F.3d at 401-02.

Such a distinction was specifically adopted in a recent Second Circuit decision. In *Boyd v. J.E. Robert Co.*, the Second Circuit concluded that liens for mandatory water and sewer charges imposed by New York City were not "debt" for purposes of the FDCPA because the fact that they were mandatory made them more akin to property taxes as opposed to transactions envisaged by the drafters of the FDCPA. 765 F.3d 123, 126 (2d Cir. 2014). The Second Circuit distinguished the holdings in *Pollice* and *Piper* by noting that "the character of the water and

8

sewer charges in Pennsylvania—which was essential to the analysis—differed from the character of the charges levied on plaintiffs [by New York City] in this case." *Id.* at 126 n.4. "Specifically, nothing in the record here suggests that plaintiffs must 'request' water and sewer services in order to be charged by the City. Rather, the charges are levied automatically in connection with the property ownership. Accordingly, the Third Circuit cases are distinguishable from the instant case." *Id.*; *cf. Piper*, 396 F.3d at 233 n.8 (noting that because the amount of plaintiffs' obligation to pay "was based on the amount of water they chose to use," the transaction was "consensual [in] nature" and distinguishable from tax assessments). Thus, to prevail on his FDCPA claim here, Plaintiff must show that any alleged sewer charges were consensual in nature, and not mandatory.

Defendants are entitled to summary judgment because there is no evidence in the record suggesting that any alleged sewer charges arose from a consensual transaction. Plaintiff thus cannot prove that "the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it," as required to prevail on an FDCPA claim. *See Douglass*, 765 F.3d at 303 (citation omitted); *see also McCabe*, 494 F.3d at 424 (3d Cir. 2007) (movant entitled to summary judgment when it shows that "the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial") (citation omitted).

There is no evidence whatsoever to show that sewer charges actually exist with respect to the property at issue. The only credible evidence Plaintiff has presented on this point are conclusory references made in a single paragraph of the complaint filed in the tax sale foreclosure proceeding (*see* Compl., Ex. A ¶ 15), which Defendants maintain were included

9

simply as part of cautionary boilerplate. More to the point, Plaintiff cannot show that the sewer charges arose from a consensual transaction because he is unable to show that they existed in the first place. Plaintiff has thus failed to meet his burden of showing that Defendants were attempting to collect a "debt" within the meaning of the FDCPA, and Defendants are entitled to summary judgment as a matter of law. No reasonable jury could conclude otherwise, especially in light of evidence presented by Defendants as part of their motion for summary judgment which affirmatively establishes that there are no sewer charges attached to the property, *see* ECF No. 33-4, and statutes provided in their brief which suggest that any sewer charges would be mandatory if they were to exist. (*See* Def Mov. Br. at 13-14). Accordingly, the Court will grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint with prejudice.[3]

### B. There Is A Fact Dispute As To Whether Defendants Are Entitled to Attorneys' Fees.

Defendants separately move for attorneys' fees under the FDCPA, alleging that Plaintiff brought this action in bad faith for the purposes of harassment. (Def Mov. Br. at 30-40.) Defendants contend that Plaintiff made a promise not to file an action under the FDCPA if Defendants dismissed him from the underlying tax sale foreclosure proceeding, that Defendants relied on this promise, and that Plaintiff nevertheless breached this agreement. (*See* Def. SMF ¶¶ 37-55.) Plaintiff denies these allegations, (Pl. Opp. SMF ¶¶ 37-55; ECF No. 39-1, Ex. 3 ("Mann Cert.")), and avers in conclusory fashion that the Court should "give little credence to this silly argument" and points to this Court's denial of Defendants' motion for judgment on the pleadings as proof that Plaintiff did not bring this action in bad faith. (Pl. Opp. Br. at 18.)

---

[3] The Court declines to substantively address the rest of Defendants' arguments with respect to its motion for summary judgment on Plaintiff's FDCPA claim (as doing so would be dicta), but simply notes in part that it has serious doubts as to Plaintiff's ability to establish that Defendants are "debt collectors" within the meaning of the FDCPA.

The FDCPA specifically allows for attorneys' fees for a prevailing defendant: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "This provision should be construed narrowly so as not to discourage private litigation under the FDCPA. The limited purpose of this provision is to discourage malicious and harassing lawsuits by consumers." *Kondratick v. Beneficial Consumer Disc. Co.*, No. 04-4895, 2006 WL 305399, at *10 n.4 (E.D. Pa. Feb. 8, 2006) (citation omitted).

As indicated, there are comprehensive and fundamental fact disputes as to whether Plaintiff or her attorney acted in bad faith in initiating this lawsuit, in spite of an alleged covenant not to file suit. (*Compare* Def. SMF ¶¶ 37-55, *with* Pl. Opp. SMF ¶¶ 37-55.) Defendants' allegations that Plaintiff specifically covenanted not to file suit under the FDCPA in exchange for a dismissal at least suggest that Plaintiff brought this action in bad faith and for the purpose of harassment. However, since the Court is unable to weigh the evidence before it at this stage, *see Anderson*, 477 U.S. at 242-43, it will deny Defendants' motion on this point.

## **CONCLUSION**

For the reasons above, the Court grants Defendants' motion for summary with respect to Plaintiff's FDCPA claim, but denies the motion with respect to attorneys' fees. An appropriate Order accompanies this Opinion.

DATED: January 7, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE